IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY L. DUCOTE,

      Plaintiff,                         No. CIV S-10-1531 EFB P

    vs.

STATE OF CALIFORNIA, et al.,

      Defendants.               <u>ORDER</u>

                                       /

         On March 23, 2011, the court granted plaintiff's request to proceed in forma pauperis. Dckt. No. 11.   In accordance with the Prison Litigation Reform Act ("PLRA"), the court ordered the agency having custody of plaintiff (then, the Yolo County Sheriff's Department), to forward to the Clerk of the Court payments from plaintiff's account until the $350 filing fee is paid in full. Dckt. No. 12.   The court also screened plaintiff's June 18, 2010 complaint pursuant to 28 U.S.C. § 1915A, and dismissed it with leave to amend.   Dckt. No. 11.   Currently pending before the court is plaintiff's April 20, 2011 motion, in which plaintiff requests that the court find that he is not a "prisoner" within the meaning of the PLRA, appoint counsel to represent him, or stay this action until his competency is deemed restored.   Dckt. No. 13.

////

////

1

Plaintiff claims he is now a "civil detainee" at Atascadero State Hospital, as opposed to a "prisoner," and cites to *Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000). In *Page*, the Court of Appeals for the Ninth Circuit held that "neither the PLRA's requirement that prisoner-plaintiffs seeking to proceed in forma pauperis must provide copies of prisoner trust fund account statements, nor the PLRA's requirement that prisoners seeking to file civil actions regarding prison conditions must exhaust available administrative remedies," applies to civil detainees. 201 F.3d at 1140. The court clarified that "only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners'" for purposes of the PLRA. *Id.* While plaintiff claims that he is now civilly committed, *see* Dckt. Nos. 10, 13, a review of the record suggests that at the time he filed his complaint, he was being detained "as a result of accusation, conviction, or sentence for a criminal offense." *See* Dckt. No. 1 (Complaint), § IV at 1 (where plaintiff alleges he is being held by Yolo County and is charged with two felonies). Although plaintiff now appears to be detained as part of a "civil commitment for non-punitive purposes," that was not the case when he filed this action. Therefore, the court must deny plaintiff's request to find that he is not a "prisoner" within the meaning of the PLRA.

Plaintiff is further informed that district courts lack authority to require counsel to represent indigent litigants in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

Additionally, the court declines to stay this action. The court will, however, grant plaintiff an extension of time to comply with the court's March 23, 2011 order granting him leave to file an amended complaint. Should plaintiff require an extension of time to comply with the court's orders in the future, he must request an extension of time to do so.

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's April 20, 2011 motion is
2 denied, but plaintiff is granted thirty days from the date of this order to file an amended
3 complaint in accordance with the court's March 23, 2011 order (Dckt. No. 11).
4 DATED: May 9, 2011.

   EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE